# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KYLE W. TURPIN,           )
        Petitioner,     )     2:11-cv-01765-JCM-PAL
vs.                       )
                          )     ORDER
WARDEN BRIAN WILLIAMS, et al., )
        Respondents.    )

This is an action pursuant to 28 U.S.C. § 2254 brought by Kyle W. Turpin, a Nevada prisoner. Petitioner has filed an amended petition as directed by the court. The court has reviewed the amended petition and finds as follows.

<u>The Petition Is A Second or Successive Petition Subject To Dismissal</u>.

The instant amended petition raises claims that petitioner was denied due process because the prior felonies used to support the habitual criminal charge were "infirm," because the state vindictively charged the habitual criminal enhancement when his guilty plea was withdrawn under order of the Nevada Supreme Court, because the trial court failed to make the proper findings in adjudicating him a habitual criminal, and because he received ineffective assistance of counsel when counsel failed to obtain jury instructions on self defense (ECF No. 6).

In 2009, petitioner filed a petition pursuant to 28 U.S.C. § 2254 in case number 2:09-cv-01122-JCM-LRL. That case was fully adjudicated, with grounds two, four and six of that petition being found to be procedurally defaulted with petitioner unable to show cause and prejudice to overcome the

1 default. *See* 2:09-cv-01122-JCM-LRL, ECF No. 12. The court decided the remaining grounds on their
2 merits. *Id.,* at ECF No. 30. In that matter, petitioner attempted a late-dated amendment to his petition
3 to add a claim related to his sentence. The new claim alleged that changes in Virginia law regarding
4 embezzlement convictions should apply to his prior convictions and those changes invalidated his
5 sentence as a habitual criminal. *Id,* at ECF No. 24. In deciding the merits of his petition, the court found
6 this claim to be without merit.[1] That case is currently on appeal to the Ninth Circuit. *Id.,* at ECF Nos.
7 32-34.

8 Petitioner filed a motion to correct an illegal sentence in the Nevada courts in hopes of
9 exhausting the procedurally barred claim and restarting the statute of limitations. That motion was
10 denied by the trial court and the denial was affirmed by the Nevada Supreme Court, which found that
11 petitioner had not demonstrated that his sentence was illegal. *See,* exhibit to original petition (ECF No.
12 6). The claims in the instant petition attack the same alleged wrongs as those procedurally barred claims
13 presented in the 2009 petition. Additionally, the instant petition attacks the same conviction and
14 sentence as was under attack in the 2009 action. This petition is successive and must be dismissed. 28
15 U.S.C. § 2244(b)(1). The amended petition herein is also untimely filed and no new judgment of
16 conviction or sentence exists to warrant a new limitation period.

17 The petition shall be dismissed and the court will not issue a certificate of appealability,
18 which is required to proceed to an appeal of this order. 28 U.S.C. § 2253(c)(1).

19 **IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus pursuant
20 to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE.**

21 **IT IS FURTHER ORDERED** that no certificate of appealability shall issue. The clerk

---

[1] The court also found the claim to be unexhausted and untimely.

1  shall enter judgment accordingly and shall serve a copy of this order upon respondents.

3        Dated, this 19 day of January, 2012

                                                    /s/ James C. Mahan
                                                    UNITED STATES DISTRICT JUDGE